MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
KATHRYN A. PANACCIONE (CSBN 332188)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
350 S. Figueroa Street, Suite 370
Los Angeles, CA 90071-1202
Telephone: (213) 894-3950
Panaccione.kathryn.a@dol.gov

*Attorneys for Plaintiff Martin J. Walsh,*
*United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>                                    Plaintiff,<br><br>v.<br><br>ACTIVE LIFE APPAREL, INC., dba ACTIVE LIFE APPAREL, a corporation;<br>ANA LOYOLA SALINA, an individual;<br>                                    Defendants. | Case No. 2:23-cv-00541<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

1 | The Fair Labor Standards Act ("FLSA") requires that all employees be paid the full wages due for all hours worked, including payment of an overtime premium for all hours worked in excess of forty in a workweek. Defendants operate a facility in Los Angeles, California, where their employees sew garments such as women's' sportswear. Defendants have denied payment of the full lawful wages due to these workers. Defendants' actions harm not only their own employees but also law-abiding employers who face unfair competition in the marketplace by Defendants' illegal activity. Under the FLSA, garments are "hot goods" that must not be introduced into commerce. The Secretary thus brings this case to rectify Defendants' actions with respect to their employees, competitors, and the significant public interests at stake.

## NATURE OF THE ACTION

1. Plaintiff Martin J. Walsh, Secretary of Labor for the United States Department of Labor ("the Secretary"), is charged with enforcing the FLSA in order to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the broader public interest, including the interests of law-abiding employers whose ability to compete is harmed by employers who pay their employees subminimum wages.

2. The Secretary brings this action under Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201-219) ("FLSA" or "Act") to enjoin Defendants from violating the provisions of Sections 7, 11, and 15 of the FLSA, 29 U.S.C. §§ 207, 211, 215, and to require Defendants to disgorge the ill-gotten gains that have resulted from using underpaid workers to make their products.

3. Under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), the Secretary

also seeks to recover all wages due, including unpaid overtime premiums, from at least June 1, 2021, through May 10, 2022 ("Subject Period") owed under the FLSA to Defendants' employees, including those listed by name on the attached Exhibit A to this Complaint, together with an equal amount as liquidated damages.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1345 (United States as plaintiff).

5. Venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred within this District and one or more Defendants reside within this District.

## DEFENDANTS ARE EMPLOYERS UNDER THE FLSA

6. Defendant Active Life Apparel, Inc. ("Active Life") is a corporation organized and existing under the laws of California. Active Life sews sportswear gear for women with a place of business located at 5210 S. Santa Fe Avenue, Los Angeles, CA 90058. Defendant Active Life has been an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and other employees not listed on Exhibit A who are not currently known to the Secretary. As the Secretary becomes aware of any such other employees, he will add them to Exhibit A.

7. Defendant Ana Loyola Salina (a.k.a. Ana Lidia Loyola) ("Ms. Loyola") is an owner of Active Life. At all relevant times, Ms. Loyola acted directly or indirectly in the interests of Active Life in relation to their employees, including determining employment practices. On information and belief, she resides within the jurisdiction of this Court. Ms. Loyola is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to employees of Defendant Active Life.

**FACTS COMMON TO ALL CAUSES OF ACTION**

I. **Defendants Deprive Their Employees of the Wages They Earned and Fail to Maintain the Required Accurate Records of Their Work**

8. Defendants typically employ approximately fifty or more employees at any given time. Many employees regularly work more than forty hours per week.

9. For each employee, Defendants pay the first forty hours of work per week on a payroll check. For any hours more than forty in a work week, Defendants pay each employee with a second check. Defendants pay the same hourly rate to each employee for all hours worked, regardless of whether the employee works more or less than forty hours in a work week.

10. Defendants require employees to record their hours on two different timecards. One timecard is for hours up to forty in work week, and the other timecard is for hours more than forty in a work week.

11. During the Subject Period and on an ongoing basis, Defendants have failed to pay a rate of one and one-half times the regular rate for work performed in excess of forty hours per work week.

12. During the Subject Period and on an ongoing basis, Defendants have failed to record or maintain accurate records of hours worked by their employees. Defendants falsify employee time records by keeping two separate timecards for employees.

II. **Defendants Have Shipped Hot Goods**

13. Defendants employed employees in producing, handling or working on goods a substantial portion of which was shipped, delivered, or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery, or sale to places outside of California was intended. Defendants' employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA. Defendants

knew that these goods would be shipped and sold to their customers but failed to take any action to ensure that these goods were made in compliance with the FLSA.

14. As a result of Defendants' violations of the FLSA and obstruction of the DOL's investigation, Defendants have accrued substantial ill-gotten gains reaped from the labor of workers who were not paid the minimum wage or overtime required by the FLSA.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Overtime Violations

15. At all relevant times, Defendants have violated Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing their employees engaged in commerce or in an enterprise engaged in commerce, for workweeks longer than 40 hours without compensating the employees for all their employment in excess of 40 hours in such workweeks at rates not less than one and one-half the regular rates at which they were employed.

16. At all relevant times, Defendants have willfully violated Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed, and continue to employ, workers without properly compensating them.

## SECOND CLAIM FOR RELIEF

### Recordkeeping Violations

17. At all relevant times, Defendants have violated Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the Secretary's agents for inspection, transcription, and/or copying), and preserve accurate records of all employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by 29 C.F.R. part 516.

18. At all relevant times, Defendants have willfully violated and continue to violate Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5). Defendants have created and maintained inaccurate and incomplete records of employees' hours worked and wages paid, even though they knew or should have known that this conduct violates the FLSA.

## THIRD CLAIM FOR RELIEF

### Hot Goods

19. Defendants have violated Section 15(a)(1) of the FLSA, 29 U.S.C. § 215(a)(1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which Defendants' employees were not paid the minimum wage and overtime required by FLSA.

20. Defendants' violations of the hot goods provisions of the FLSA are willful. Defendants knowingly continued to sell goods into commerce which were produced by workers not paid minimum and overtime wages.

## PRAYER FOR RELIEF

WHEREFORE, good cause having been shown, the Secretary prays for judgment against Defendants as follows:

A. For an Order under Section 17 of the FLSA, 29 U.S.C. § 217:

(1) permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA, including: Sections 7 and 15(a)(2), of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2); Sections 11(c) and 15(a)(5), of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5); and Section 15(a)(1) of the FLSA, 29 U.S.C. § 215(a)(1); and

(2) disgorging Defendants of the ill-gotten gains they reaped from workers who were not paid for their work as required by the FLSA's overtime provisions, 29 U.S.C. § 207.

B. For an Order:

(1) Under Section 16(c) of the FLSA, 29 U.S.C. § 216(c) finding Defendants liable for all wages due, including overtime compensation, from at least June 1, 2021, through May 10, 2022, to all of Defendants' employees including the employees listed in the attached Exhibit A and other employees not presently known to the Secretary, and an additional equal amount as liquidated damages; or

(2) In the event liquidated damages are not awarded, under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants and their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found to be due, from at least June 1, 2021, through May 10, 2022, to Defendants' employees, and pre-judgment interest at an appropriate interest rate;

C. For an Order directing Defendants to issue notice to their employees of their rights under the FLSA and under any injunction, judgment, or order in this action;

D. For an Order providing such further legal and equitable relief as may be deemed necessary or appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA by the Secretary due to Defendants' actions to confuse the workers as to their rights under the FLSA and/or to intimidate or coerce them from exercising their rights and status as an employee, and failure; and

E. For an Order awarding the Secretary the costs of this action.

Respectfully submitted,

Dated: January 24, 2023

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour

*/s/ Kathryn A. Panaccione*
KATHRYN A. PANACCIONE
Trial Attorney

*Attorneys for Plaintiff Martin J. Walsh, United States Secretary of Labor*

# EXHIBIT A

| Last Name | First Name |
|---|---|
| Aguilar | Domitila |
| Ajiataz | Walter |
| Ajquimas | Jose |
| Alvarado | Alfredo |
| Aquino | Juan |
| Arana | Leonel |
| Arevalo | Juana |
| Barduel | Jose |
| Barrientos | Maria Teresa |
| Bautista | Alma |
| Brito | Francisca |
| Bruno | Miguel |
| Campos | Miriam |
| Campos | Susana |
| Cardenas | Angelica |
| Caxaj | Pedro |
| Celidon | Charli |
| Cervantes | Eva |
| Chavez | Soledad |
| Chay | Julian |
| Elias | Milton |
| Esparza | Silvia |
| Flores | Rosa |
| Garcia | Doris |
| Garcia | Gonzalo |
| Garcia | Ines |

| | | |
|---|---|---|
| 1 | Garcia | Jairo |
| 2 | Garcia | Teresa |
| 3 | Gomez | Magdalena |
| 4 | Gonzales | Maria Elena |
| 5 | Gonzales | Mayra |
| 6 | Gonzalez | Yolanda |
| 7 | Grozco | Mario |
| 8 | Guix | Carlos |
| 9 | Gusman | Andres |
| 10 | Hernandez | Ignacia |
| 11 | Hernandez | Margarita |
| 12 | Hernandez | Pascuala |
| 13 | Herrera | Felix |
| 14 | Isidora | Mari Carmen |
| 15 | Juarez | Miguel |
| 16 | Lopez | Antonio |
| 17 | Lopez | Maria |
| 18 | Lopez | Martha |
| 19 | Lopez | Suleyme |
| 20 | Martinez | Evangelina |
| 21 | Martinez | Sofia |
| 22 | Lesbia | Medina |
| 23 | Mejia | Juan |
| 24 | Mejia | Lalis |
| 25 | Mejia | Ponciano |
| 26 | Mendoza | Maximino |
| 27 | Miranda | Carlos |
| 28 | | Humberto |

| | | |
|---|---|---|
| 1 | Mondragon | Maria |
| 2 | Morales | Said |
| 3 | Moreno | Jaime |
| 4 | Munoz | Margarita |
| 5 | Noriega | Juan de Dios |
| 6 | Nunez | Antonio |
| 7 | Ocampo | Norma |
| 8 | Olivera | Celia |
| 9 | Orellana | Liliam |
| 10 | Orozco | Mario |
| 11 | Ortiz | Cristina |
| 12 | Ortiz | Mercedes |
| 13 | Oyola | Aural |
| 14 | Pacheco | Manuela |
| 15 | Pastor | Benito |
| 16 | Pastor Tzita | Marina Elizabel |
| 17 | Paxtor | Fernando |
| 18 | Pedro | Flor |
| 19 | Pina | Jose |
| 20 | Quinonez | Jose |
| 21 | Quintanilla | Marta |
| 22 | Ramirez | Irma |
| 23 | Ramos | Jose |
| 24 | Resendes | David |
| 25 | Rivera | Claudia |
| 26 | Salgado | Enriqueta |
| 27 | Sambrano | Carlos |
| 28 | Samora | Beatriz |

| | | |
|---|---|---|
| 1 | Sanchez | Alberto |
| 2 | Sanchez | Damaris |
| 3 | Siles | Marlen |
| 4 | Solis | Jesus |
| 5 | Soriano | Victor |
| 6 | Suarez | Manuel |
| 7 | Tejas | Enrique |
| 8 | Tlaseca | Martha |
| 9 | Tzao | Daniel |
| 10 | Tzul | Manuel |
| 11 | Vaquero | Maria |
| 12 | Vicente | Santos |
| 13 | Zayas | Antonia |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |